**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-3785
_____

NASEEM ANANT VITHLANI,
Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A077-713-130)
Immigration Judge:  Amit Chugh
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 10, 2020
Before:  AMBRO, GREENAWAY, JR. AND PORTER, <u>Circuit</u> <u>Judges</u>

(Opinion filed: August 10, 2020)
_____

OPINION[*]
_____

PER CURIAM

Naseem Vithlani petitions for review of the decision of an Immigration Judge

("IJ"), affirmed by the Board of Immigration Appeals ("BIA") without opinion, that

denied her motion to reopen her removal proceedings.  We will deny her petition in part

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not

and dismiss it in part.

Because the parties are familiar with the record, we provide only a summary here. Vithlani is a citizen of India. In 1998, she entered the United States with a non-immigrant H-1B visa. In 2001, she was served with a Notice to Appear, charging her with removability for overstaying her visa. She conceded removability but had a pending application for asylum, withholding of removal, and relief under the United Nations Convention Against Torture ("CAT"). She alleged that she had suffered persecution in India as a result of her interfaith marriage to Anant Vithlani. The IJ denied relief and ordered her removal to India. The BIA dismissed her appeal in January 2004, and the removal order became final.

In 2007, Vithlani filed two unsuccessful motions to reopen her removal proceedings. She filed petitions for review concerning the BIA's denial of her second motion to reopen and the related motion for reconsideration. We denied them both. See Vithlani v. Att'y Gen., 360 F. App'x 277 (3d Cir. 2010).

In 2011, Vithlani filed another motion to reopen to the BIA, asserting eligibility for adjustment of status based on her 2010 marriage to a United States citizen, David Childress. The BIA denied the motion, finding that it was untimely and number-barred, and that it did not demonstrate an exceptional situation warranting sua sponte reopening. The BIA later also denied her motion to reconsider, stating that becoming eligible for adjustment of status was not an exceptional situation warranting the grant of an untimely

constitute binding precedent.

2

motion to reopen.

In 2019, Vithlani filed the motion to reopen at issue here, this time before the IJ. She sought sua sponte reopening, again seeking to apply for adjustment of status. This time, she relied on an approved I-130 petition filed by Ronald Geis, her third husband and United States citizen. She also stated that she is her husband's caregiver, as he was permanently disabled in a job-related accident. Vithlani submitted exhibits in support of her motion, including country conditions in India, documents relating to the I-130 petition, her own declaration, and a declaration by her husband. The IJ denied Vithlani's motion to reopen, stating that the motion was untimely and contained nothing to demonstrate a material change in country conditions. The IJ also stated that becoming eligible to adjust status was not uncommon. Further, the IJ found that the motion did not demonstrate an exceptional situation to warrant sua sponte reopening. The BIA affirmed the IJ's decision without opinion, citing 8 C.F.R. § 1003.1(e)(4).

Vithlani timely filed a pro se petition for review. Our jurisdiction under 8 U.S.C. § 1252(a)(1) includes review of the agency's denial of a motion to reopen. Within the limits of our jurisdiction, as explained below, our review is for an abuse of discretion. See Sevoian v. Ashcroft, 290 F.3d 166, 174 (3d Cir. 2002). Where the BIA issues an affirmance without opinion, we review the IJ's decision. See Dia v. Ashcroft, 353 F.3d 228, 245 (3d Cir. 2003) (en banc).[1]

---

[1] Vithlani raises a due process challenge to the BIA's affirmance without opinion procedure itself, but her argument is foreclosed by this Court's precedent. See Dia,

Vithlani argues that the agency committed an abuse of discretion in denying sua sponte reopening based on her asserted exceptional circumstances of her approved I-130 petition. However, we generally lack jurisdiction to review the discretionary denial of sua sponte reopening. See Park v. Att'y Gen., 846 F.3d 645, 647-48, 650-51 (3d Cir. 2017). There are two exceptions to the rule against judicial review, neither of which Vithlani invokes here. See Park, 846 F.3d at 651 (setting forth the exceptions for review of the agency's reliance on an incorrect legal premise, or the agency's arbitrary departure from its precedent or "settled course of adjudication," in refusing to reopen sua sponte). Accordingly, we do not reach her arguments on this portion of her petition for review.

For the remainder of her petition for review, Vithlani must show that the denial of reopening was arbitrary, irrational, or contrary to law. See Sevoian, 290 F.3d at 174. She makes no such showing here. Vithlani's motion to reopen, filed about fifteen years after her 2004 removal order, was indisputably untimely. In general, a motion to reopen must be filed within 90 days of the removal order. See 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). Although Vithlani included exhibits with her motion to reopen concerning India's current country conditions, she did not present any argument that country conditions have changed for purposes of that exception to the general 90-day deadline. See 8 C.F.R. § 1003.23(b)(4)(i). Nor did she invoke any other exception to the 90-day period in § 1003.23(b)(4).

Moreover, to the extent that Vithlani argues that the BIA abused its discretion in

353 F.3d at 245.

issuing an affirmance without opinion, her argument is unpersuasive. The BIA's streamlining provisions under 8 C.F.R. § 1003.1(e)(4) allow for affirmance of an IJ decision without opinion where the issues are squarely controlled by existing precedent and do not involve a novel factual situation. The record shows that Vithlani's motion to reopen was untimely by many years, and that her eligibility for adjustment of status based on marriage to a United States citizen did not present a novel situation—not even in her own history. There is no basis to conclude that the BIA's issuance of an affirmance without opinion was arbitrary and capricious here. See Smriko v. Ashcroft, 387 F.3d 279, 293-94 (3d Cir. 2004).

For the foregoing reasons, we will deny the petition for review in part and dismiss it in part.